## HERZOG v. KRONMAN.

### No. 6513.

United States Court of Appeals for the District of Columbia.

Argued Jan. 10, 1936.

Decided Feb. 17, 1936.

Mark P. Friedlander and Robert I. Silverman, both of Washington, D. C., for appellant.

M. D. Rosenberg, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

PER CURIAM.

Appellant, whom we shall call plaintiff, brought an action which he calls an action for "slander of title" against appellee, whom we shall call defendant, for seven hundred odd dollars actual damages and twenty-four thousand odd dollars exemplary damages. The facts alleged in the declaration are that plaintiff inherited a certain parcel of land from his father on which there was a debt of $14,000.00, evidenced by a note secured by mortgage on the land; that after his father's death he qualified as executor, and, during the period of administration, defendant, the holder of the note, filed claim in the probate court of the District of Columbia, in which he stated he was the owner of the note, that the same had been protested for nonpayment, and that he held no security for same. Plaintiff copied into his declaration the docket entry in the probate court, and this entry showed the name and residence of the claimant, the amount and nature of the claim; and, under the latter heading, that it was a "real estate note" assumed by plaintiff's father and bore interest at 6 per cent. from a period a little less than a month prior to the docketing. The allegation is that the statement in the claim that the note had been protested and that there was no security for the same was defamatory because the fact was the note was not then due; and, as a result of the filing of the claim—as due and unsecured—"plaintiff was put to great inconvenience and was vexed, harrassed and put to divers and great expenses," etc.

The actual expenses alleged are the cost for an additional year of the executor's bond and attorney fees and court costs, but the total is under the jurisdictional amount entitling plaintiff to sue in the Supreme Court of the District of Columbia; and nothing of fact is specifically alleged to sustain the claim of exemplary damages. The lower court, in dismissing the action, said that nothing was stated in the declaration which directly or by innuendo disparages title to the property in question.

Admitting that the words used in the claim filed in the probate court were malicious—which, however, we think does not in fact appear—there is nothing to show plaintiff sustained special damages as the natural and proximate consequences thereof; and there is certainly nothing in the docket entry made by the clerk, as the result of the filing of the claim, calculated

in the ordinary course to cause damage to the title to the land, special or otherwise. There is no charge that the sale of the property was defeated by the alleged libel, or that the property was in any respect injured as the result of filing of the claim. And we know of no rule of law under which plaintiff could recover exemplary damages, in an action of this nature, without charging and proving that the libel prevented the sale or leasing of the land or otherwise damaged the title.

To maintain the action, slander of title, it must be charged and shown that the words are false and were malicious, and that the damage alleged naturally and reasonably resulted; and, if special damage is alleged, it must be claimed and facts must be alleged on which it may be sustained. That an action in case will lie for recovery of actual damages, if willfully and intentionally caused, will not help plaintiff here, for in that case because of lack of jurisdictional amount the action must have been brought in the municipal court.

Affirmed.